**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William Martinez, | ) | No. 08-0093-PHX-MHM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Monsanto Company, et al., | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

Currently pending before the Court is Defendant Monsanto's Motion to File a Third-Party Complaint. (Dkt.# 35.) After reviewing the record and finding oral argument unnecessary, the Court issues the following Order.

Plaintiff brought the instant suit in Maricopa County Superior Court against Defendant Monsanto Company and numerous other fictitious Defendants. The Complaint alleged that Plaintiff had been exposed to large amounts of hazardous chemicals while working at an industrial plant owned by the Monsanto Company in Maricopa County, Arizona. (Dkt.#1, p. 2.) The case was then removed to federal court. See 28 U.S.C. § 1441; (Dkt.# 1). Because Plaintiff's claims all sound under state law, this Court's jurisdiction was predicated on a diversity of citizenship. See 28 U.S.C. § 1332.

On July 10, 2008, this Court granted Plaintiff's Motion Requesting Leave to Amend his Complaint to add Bayer CropScience, Lp. as a Defendant. (Dkt.#21, p. 2.) The First

1  Amended Complaint also sought to change the location of the Monsanto plant in question
2  to Pinal County, Arizona. (Dkt.# 28, p. 1.)
3       On August 5, 2008, Defendant Monsanto Company lodged a Motion for Leave to File
4  a Third-Party Complaint under Fed R. Civ. P. 14 against Arizona Corporate Builders, LLC
5  (hereinafter "ACB"). (Dkt.#35.)  According to Monsanto's moving papers, ACB was a
6  general contractor employed by Monsanto to perform demolition and remodeling work at
7  their Pinal County plant. (Id. at 3.)  In turn, ACB hired Plaintiff's employer, Movida
8  Electric, to operate as a subcontractor at the same plant, and it was while Plaintiff was
9  performing work for this subcontractor that he was allegedly exposed to hazardous
10 chemicals.
11      Monsanto contends that pursuant to a construction contract ACB agreed to "defend
12 and indemnify" Monsanto for any damages that it might sustain in a lawsuit similar to the
13 one currently before the Court. (Id. at 2.) Monsanto further alleges that ACB failed to carry
14 an agreed upon insurance policy that would have provided coverage to Monsanto for claims
15 like the one now being asserted by Plaintiff . In response to Monsanto's impleader action,
16 on August 12, 2008, Plaintiff moved this Court to grant him leave to file a Second Amended
17 Complaint. The latest version of Plaintiff's Complaint seeks to add ACB as a Defendant to
18 the instant lawsuit. Defendant's did not oppose this Motion. (Dkt.#37.) On September 26,
19 2008, this Court issued a text only order granting Plaintiff's unopposed Motion for leave to
20 file a Second Amended Complaint adding ACB as Defendant. (Dkt.#41.)
21 **I.      Rule 14 Impleader**
22      With respect to Monsanto's outstanding motion to implead Defendant ACB, the plain
23 language of Rule 14 only permits a defendant to "serve a summons and complaint on a
24 **<u>nonparty</u>** who is or may be liable to it for all or part of the claim against it." Fed. R. Civ.
25 P. 14 (emphasis added).  Rule 14 therefore appears to demand  (1) that the third-party
26 defendant be liable to the third-party plaintiff for all or part of the Plaintiff's claim, and (2)
27 that the third-party defendant is not a current party to the main lawsuit. Because the Court
28 granted Plaintiff Martinez' request to amend his complaint to add ACB as a Defendant—a

- 2 -

1  Motion that Monsanto did not oppose—ACB is not amenable to a third-party complaint. If
2  Monsanto wishes to assert claims against its now co-Defendant ACB, it must do so in the
3  form of a Cross-Claim under Rule 13 of the Federal Rules of Civil Procedure, not through
4  an impleader action. See 20 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND
5  PROCEDURE § 81 (3d ed. 1998) ("A third-party complaint may be served only against one not
6  already a party to the action. Counterclaims and cross-claims under Rule 13 are the
7  appropriate procedure for asserting a claim against one already a party.").

## II. The Court's Subject Matter Jurisdiction

9  The Court has recently discovered that when ACB was added to the current lawsuit
10 as a Defendant, this move destroyed complete diversity of citizenship between the parties,
11 upon which federal jurisdiction had been predicated. See 28 U.S.C. § 1332 Kuntz v. Lamar
12 Corp., 385 F.3d 1177, 1181(9th Cir. 2004) ("For a case to qualify for federal jurisdiction
13 under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the
14 parties opposed in interest."). According to the Second Amended Complaint, Plaintiff
15 Martinez is an Arizona resident; Defendants Monsanto and Bayer CropScience are not. On
16 the other hand, Defendant ACB is an Arizona corporation with its principal place of business
17 also located in Arizona. (Dkt.#43, p. 2.); Mann v. City of Tucson, 782 F.2d 790, 794 (9th
18 Cir. 1986) (noting that under 28 U.S.C. § 1332(c) a corporation is deemed a citizen of any
19 state where it is incorporated and the state where it has its principal place of business).
20 Because Plaintiff is no longer diverse from all named Defendants, the Court has been
21 arguably divested of the subject matter jurisdiction that is required to adjudicate the instant
22 case.

23 The central issue now becomes whether the Court should remand this case in its
24 entirety back to Maricopa County Superior Court or proceed forward, notwithstanding the
25 absence of a complete diversity of citizenship.

26 The dictates of § 1447, following the 1988 amendments, appear to be relatively
27 straightforward: "If at any time before final judgment it appears that the district court lacks
28 subject matter jurisdiction, **the case shall be remanded**." 28 U.S.C. § 1447(c)(emphasis

added). The statute further states in subsection (e) that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The best example of a textual approach to the post-removal loss of subject matter jurisdiction is found in Bailey v. Wal-Mart Stores, Inc., 981 F. Supp.1415 (N.D. Ala. 1997). In Bailey, the Northern District of Alabama held that Congress, in enacting the 1988 amendments to section 1447, intended to strip federal courts of any discretion to retain jurisdiction over a case that was properly removed to federal court and where jurisdiction was later destroyed by a post-removal amendment of the pleadings. See Bailey, 981 F.Supp. at 1416-17 ("Congress intended to create in a federal court control over what changes it will allow in plaintiff's contentions after removal and in what parties he can add, while recognizing that if such changes result in a loss of subject matter jurisdiction, no discretion remains in the federal court to retain jurisdiction, and that remand becomes automatic. The fact that the case was properly removed in the first place become irrelevant."). Bailey was subsequently followed by a sister court in Goodman v. CIBC Oppenheimer & Co., 131 F. Supp. 2d 1180 (C.D. Cal. 1998).[1]

Because the Court has *sua sponte* raised the issue of its subject matter jurisdiction without input from the Parties, the Court finds that additional briefing on this issue is appropriate. The Parties are therefore directed to provide the Court with supplemental briefing as to why this case should not be remanded to State court in accordance with the plain language of 28 U.S.C. § 1447.

---

[1] On the other hand, Bailey was squarely rejected by the District of Oregon in Am. Dental Indus. v. EAX Worldwide, Inc., 228 F. Supp. 2d 1155 (D. Ore. 2002). In Am. Dental the court announced that it was going adopt the reasoning of the Sixth, Seventh and Eleventh Circuits, all of whom held that "jurisdiction in a diversity case is determined at the time of removal and is not affected by subsequent amendments to the pleadings," and changes made to § 1447 did not the alter this calculus. Am. Dental, 228 F. Supp. 2d at 1157 (citing Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000); In re Shell Oil Company, 966 F.2d 1130, 1133 (7th Cir. 1992); Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290 (11th Cir. 2000)).

1 **Accordingly,**

2     **IT IS HEREBY ORDERED** directing the Parties to file supplemental briefing with
3 the Court, not to exceed 6 pages, on whether this case should be remanded to State court.
4 Briefing shall be submitted no later than 20 days from the date of this Order.

5     **IT IS FURTHER ORDERED** denying as moot Defendant Monsanto Company's
6 Motion to File a Third-Party Complaint. (Dkt.#35.)

7     DATED this 21ST day of October, 2008.

_____
Mary H. Murgia
United States District Judge